**TRIMBLE HOUSE CORPORATION and Lucien Henochowicz**

v.

**Ray MARSHALL, In his official capacity as Secretary of the United States Department of Labor and the United States Department of Labor.**

Civ. A. No. C79–1868A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 24, 1980.

John William Brent, Atlanta, Ga., for plaintiff.

Oliver B. Dickins, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

This action seeks a reversal of the final decision and order of the United States Department of Labor denying the plaintiffs' application for labor certification for alien employment as provided for by § 212 of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1182(a)(14), and the regulations promulgated thereunder, 20 C.F.R. § 656, *et seq.* The plaintiffs also challenge the regulations promulgated by the Secretary of the Department of Labor as being inconsistent with statutory authority under 8 U.S.C. § 1182(a)(14) by impermissibly shifting the burden of proof. The matter is before the court on the parties' cross—motions for summary judgment. For the reasons stated below, summary judgment is granted for the defendants.

Under 8 U.S.C. § 1182(a)(14), as amended, "[a]liens seeking to enter the [country] for, the purpose of performing skilled or unskilled labor" shall be excluded,

> ... unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (A) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of aliens who are members of the teaching profession or who have exceptional ability in the sciences or the arts), and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

In 1977, the Secretary of Labor promulgated regulations which require the employer to document that it has "been recruiting at the prevailing wage ... and working conditions, and has reason to think it will continue to be unsuccessful in its recruiting of U.S. workers through the public employment system and/or through other labor referral and recruitment sources *normal to the occupation*". 20 C.F.R. § 656.21(b)(1) (emphasis added). The employer is required to document that, among other things, it "has advertised and is advertising the job opportunity without success in such media as newspapers of general circulation, and ethnic and *professional publications*", and that "other efforts to locate and employ U.S. workers for the job opportunity such as recruitment efforts by means of private employment agencies, labor unions, advertisements placed with radio or TV stations, recruitment at trade schools, colleges, and universities or attempts to fill the job

opportunity by development or promotion from among its present employees, [have] been and [continue] to be unsuccessful." 20 C.F.R. § 656.21(b)(9)(i) and (12) (emphasis added).

Once the employer has completed the application process provided for by 20 C.F.R. § 656.21, a certifying officer makes a determination whether to issue a certification or to issue a Notice of Findings indicating that certification will be denied unless the requisite rebuttal evidence is submitted. 20 C.F.R. § 656.24–.25. The Notice of Findings may be issued on the basis of whether the employer has complied with the requirements of § 656.21 or there is an available U.S. worker. 20 C.F.R. § 656.24(b). In determining whether there exists an available U.S. worker, the certifying officer shall look at the documentation of recruitment efforts provided by the employer and "shall determine if there are other appropriate sources of workers where the employer should have recruited or might be able to recruit U.S. workers." 20 U.S.C. § 656.-24(b)(2)(i). The certifying officer may consider U.S. workers who are willing to move to the place of the job opportunity. 20 C.F.R. § 656.24(b)(2)(iv). After considering the rebuttal of the Notice of Findings by the employer, the certifying officer shall either grant or deny the certification. 20 C.F.R. § 656.25. Administrative–judicial review of the denial of certification based on the record and briefs of the parties is provided for by 20 C.F.R. § 656.26.

The plaintiff Trimble House Corporation, which deals in architectural lighting and has annual sales of $2,000,000, filed an application for labor certification for an International Director of Sales and Marketing in April, 1978 on behalf of the plaintiff Lucien Henochowicz, an alien. The certification officer issued a Notice of Findings in October, 1978 setting forth reasons for which the certification would be denied if sufficient rebuttal evidence was not presented. One of the reasons for the proposed denial was that the employer had failed to provide sufficient documentation that it "had recruited for U.S. workers through any sources other than local [Atlanta] newspa-

per advertising and the Employment Service Job Center" and suggested that other sources such as "newspapers in cities such as Chicago, New York and Los Angelas (sic), and professional journals" would be appropriate for a job of this nature. The plaintiff Trimble House responded that its advertising was in keeping with its small size (35 employees) and with the normal recruitment processes for the company, that inquiries had been made to similar companies and that other individuals had been unsatisfactory in the position. The employer was denied the certification in January, 1979 for failure to document that a "fair test of the labor market for qualified workers" had been made as well as for other reasons. In the administrative review, Trimble House contended that the certification officer had exceeded the narrow scope of the inquiry required by the statute and had invaded the business judgment of the employer. The denial of certification was affirmed for failure to follow the regulatory recruitment process detailed at 20 C.F.R. § 656.21, specifically that the employer had failed to document any recruitment outside the Atlanta area or to advertise in professional journals, something which should have been normal for the occupation of International Director of Sales and Marketing. 20 C.F.R. § 656.21(b)(1).

The plaintiffs' challenge to the validity of the regulations is without merit. Contrary to the contentions of the plaintiffs, 8 U.S.C. § 1182(a)(14) does not require the Secretary to bear the burden of establishing that there are no available U.S. workers. The statute requires the Secretary to make a determination and certification that there are not sufficient U.S. workers who are able, willing, qualified and available to fill the job and that the employment of aliens will not adversely affect U.S. workers. *Id.* The legislative history makes clear that the burden of obtaining such certification is on the aliens and the employers who seek their entry for the purpose of permanent employment. [1965] *U.S.Code Cong. & Admin.News*, p. 3328, at 3333–34. In accordance with the primary underlying purpose of protecting U.S.

workers, courts have placed the burden of proof on the alien. *Silva v. Secretary of Labor*, 518 F.2d 301 (1st Cir. 1975). *Accord. Stenographic Machines, Inc. v. Regional Administrator for Employment and Training*, 577 F.2d 521 (7th Cir. 1978); *Pesikoff v. Secretary of Labor*, 501 F.2d 757 (D.C.Cir. 1974). The regulations promulgated by the Secretary are valid unless shown to be inconsistent with the statute or contrary to its underlying purpose. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). The regulations at issue here, primarily 20 C.F.R. §§ 656.21, .24, are reasonably related to the purpose of protecting the American worker in that they serve to provide the Secretary with an adequate factual record on which the determination required by 8 U.S.C. § 1182(a)(14) may be made. *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970).

■ The plaintiffs next contend that even if the regulations are valid, the denial of certification in this instance should be overturned because the Administrative Law Judge incorrectly interpreted the regulations. The administrator's interpretation must stand unless it is "plainly erroneous or inconsistent with the regulation." *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977). The certification was denied in this instance because the employer had failed to submit documentation of recruitment efforts in professional journals as required by 20 C.F.R. § 656.21(b)(9) and advertisement outside the Atlanta area, recruitment which would normally be expected under 20 C.F.R. § 656.21(b)(1) for the position of International Director of Sales and Marketing with a company which has annual sales of $2,000,000 and is seeking to expand its export market. The regulations clearly allow the certification officer to consider American workers who are willing to relocate, 20 C.F.R. § 656.24(b)(2)(iv), and to identify additional sources of workers where the employer should have recruited, 20 C.F.R. § 656.24(b)(2)(i). It is neither plainly erroneous nor inconsistent with the regulations to expect an employer seeking qualified applicants for an international sales position to advertise in major cities in addition to Atlanta and in professional journals to seek qualified American workers. *Morrison and Morrison, Inc. v. Secretary of Labor of the United States*, 626 F.2d 771 (10th Cir. 1980, as amended August 8, 1980). Accordingly, the denial of certification was consistent with the regulations. Further, the denial was not arbitrary and capricious. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Stenographic Machines, Inc. v. Regional Administrator for Employment and Training*, 577 F.2d 521 (7th Cir. 1978); *Pesikoff v. Secretary of Labor*, 501 F.2d 757 (D.C.Cir.1974).

## SUMMARY

For the foregoing reasons, the plaintiffs' motion for summary judgment is hereby overruled and denied. The defendants' motion for summary judgment is hereby granted and sustained.